OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on a matter of evidence in a hearing *736 before this court which was remitted by the Appellate Division. This matter was remitted by the Appellate Division for determination of whether or not the best interests of the children, Carol Sue and Belinda, would be served by their immediate return to the respondents. The court, in that decision, modified the order of the Honorable Raymond E. Cornelius by affirming the finding that the petitioner had failed to establish the respondent’s present inability to parent and remitting the matter for a hearing to determine the best interests of each child for a custodial disposition (Matter of Belinda B., 114 AD2d 70 [4th Dept 1986]).
This decision is to address the issue of whether or not this court might consider any testimony had before the Honorable Raymond E. Cornelius on the prior extension of placement hearing to determine whether or not any of that evidence would be relevant to a determination of the best interests of the children. The appropriate test to determine a petition for extension of foster care placement is whether petitioner can establish by a fair preponderance of the evidence the continued inability of the parents to care for the children and whether continued placement would be in the best interests of the children. It is apparent from the decision, as well as prior decisions, that it is a twofold test that must be established. Any trier of fact hearing testimony on an extension of placement hears testimony relative to both issues. The statute envisions that the same trier of fact would be making findings of fact and conclusions of law based upon both issues and, therefore, the full range of testimony would be before that trier of fact. The dilemma occurs here where the original trier of fact is no longer on the Family Court Bench and a new trier of fact is now making a determination. Is it required that the court rehear the testimony that would have been before that court had the full hearing been held? Does the statute and the decision envision that the same trier of fact should hear all evidence?
Respondent’s counsel asserts that there is no legal authority to admit prior testimony in this case since there has been no demonstration that any witnesses who have testified before the Honorable Raymond E. Cornelius are legally unavailable (CPLR 4517). Nor is there a provision in the Family Court Act which addresses the admissibility of prior trial testimony.
Counsel for the petitioner and the Law Guardian in this matter assert that the law related to matters which are remitted from an appellate determination (CPLR 5524 [b]) *737 provides "[a] copy of the order of the court to which an appeal is taken determining the appeal, together with the record on appeal, shall be remitted to the clerk of the court of original instance”. That section makes it clear that the order of the Appellate Division and the record on appeal are all part of the remittitur for further proceedings.
It is clear that the review of the record on appeal, including the testimony heard before the Honorable Raymond E. Cornelius, could only be considered by this court on the sole issue before this court as remitted by the direction of the Appellate Division and that is "to determine the best interests of each child, and [to] order a custodial disposition on that ground” (Matter of Belinda B., 114 AD2d 70, 77 [4th Dept 1986], supra). It is also clear that in any hearing under Family Court Act § 1055 (c) dealing with extension of placement, it is always a twofold hearing and that the hearing requires determination on the twofold test. The same trier of fact, in every instance, would hear testimony on both the continued inability of the parents to care for the children and whether that continued placement would be in the best interests of the children.
Therefore, the court would conclude that by the terms of the Appellate Division decision, as well as the requirements of any hearing held under Family Court Act § 1055 (c) for the extension of placement, it is permissible for me to review the transcript of those prior proceedings for the sole and limited purpose of determining whether or not any of the testimony presented there relates to the best interests of the children in a custodial disposition as evident from the remittitur from the Appellate Division.